IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-CR-198-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

6.  PETER BARON

    Defendant.
_____

## MOTION TO COMPEL DISCOVERY – LAW ENFORCEMENT FILES ON THE HELLS ANGELS MOTORCYCLE CLUB
_____

Mr. Baron, by and through counsel, MOVES this Court to Order compelling the United States to produce discovery regarding the Hells Angels as outlined below, and states the following in support of such motion:

### CONFERENCE WITH COUNSEL

Defense counsel for Mr. Orland, Mr. Ullrich and Mr. Baron communicated and conferred with AUSA Brian Dunn regarding the request outlined within this motion. AUSA Dunn indicated to counsel that he believes this request requires a motion and ruling from the Court.

### CHARGING HISTORY

On November 5, 2019, Agent Pearson (Task Force Officer with ATF) and Detective Ondrack (Denver Police Department) met with Denver County Court Judge Spahn. They obtained arrest warrants and search warrants of residences for those allegedly involved in this case.

Mr. Baron was arrested on November 7, 2019, by members of various law enforcement at his home. His home was the subject of a search warrant.

Law enforcement (local and federal agencies) served arrests and search warrants at various co-defendants home at the same date and time as their arrest of Mr. Baron.

In Denver case number 2019CR8621, Mr. Baron faced various charges, including Colorado Organized Crime Control Act (COCCA), Assault and Kidnapping based upon the same factual allegations within the Indictment (ECF #23) and Superseding Indictments (ECF# 109) before this Court.  The charged co-defendants in the State of Colorado prosecution were Jason Sellers, Michael Dire, Jared Orland, Clinton Williams, William Henderson, William Whitney, Justin Wright, Dominic Robichaud, Dustin Ullerich, Adam Mulcahy, Jimmy Salazar and Derek Beste, six of whom are defendants in this case.

On June 24, 2020, the United States filed a Criminal Complaint against Dustin Ullerich and William Henderson, charging them with Kidnapping, Aiding and Abetting pursuant to 18 U.S.C. § 1201(a)(1) and 2 (Date of offense July 12, 2019). (ECF #1).

On July 7, 2020, the United States filed an Indictment against Clinton Williams, Jared Orland, Dustin Ullerich, Jerome Guardiola, William Henderson, Peter Baron, Adam Mulcahy and Derek Beste.  (ECF #23).  The Indictment charged them with two counts: Count 1 – Kidnapping pursuant to 18 U.S.C. § 1201(a)(1) and 2 (Date of offense July 12, 2019) and Count 2: Conspiracy to Commit Kidnapping pursuant to 18 U.S.C. § 1201(a)(1), 18 USC § 371 (Date of offense of June 28, 2019 through July 12, 2019).

The Denver District Attorney filed a Motion to Dismiss cases against Mr. Baron, Mr. Orland, Mr. Guardiola, Mr. Mulcahy, and Mr. Beste on July 13, 2020. The remaining Defendants (Jason Sellers, Michael Dire, Michael Whitney, Justin Wright, and Jimmy Salazar) continue to be prosecuted by the Denver District Attorney's Office.

On July 14, 2020, Mr. Baron (and other named co-defendants) turned himself into the United States Marshall's office and appeared before Magistrate Judge Wang on the same date.  (ECF# 43).  Mr. Baron was granted an unsecured bond by Magistrate Judge Wang (ECF# 53).

Mr. Baron appeared before Magistrate Judge Hegarty on July 22, 2020 (ECF# 94) and a Discovery Conference Memorandum and Order was entered (ECF# 95).  Within the Discovery Conference Memorandum, the Defendant requested disclosure of "… documents, data, photographs, tangible objects which are within the possession, custody or control of the government, and which are material to the preparation of his defense…." Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(A).

On August 4, 2020, the Government filed a Superseding Indictment charging Clinton Williams, Jared Orland, Dutin Ullerich, Jerome Guardiola, Peter Baron, Adam Mulcahy, and Derek Beste with Count 1 – Kidnapping in Aid of Racketeering pursuant to 18 U.S.C. § 1959(a)(5) and 2; Count 2 – Conspiracy to Commit Kidnapping in Aid of Racketeering pursuant to 18 U.S.C. § 1959(a)(5); Count 3 – Kidnapping pursuant to 18 U.S.C. § 1201(a)(1) and 2; and Conspiracy to Commit Kidnapping pursuant to 18 U.S.C. § 371; Count 5 against Clint Williams of Possession of a Firearm by an Unlawful Drug User (Date of offense of November 7, 2019) pursuant to 21 U.S.C. § 802. (EFC #109).

## ALLEGATIONS RELATED TO THE ENTERPRISE

Within the Superseding Indictment, the Government alleges that "The Enterprise" is "The Hells Angels Motorcycle Cub and The Hells Angels Motorcycle Club Denver Charter". (ECF #109). The Government claims that the Hells Angels Motorcycle Club (HAMC) is a "transnational violent outlaw motorcycle gang that operates through charters, including Hells Angels Denver Charter (HADC)." The Superseding Indictment alleges that the defendants and other persons were members of "a criminal organization" that is the Enterprise.

The Defendants are alleged to be a part of the HAMC and together, with others known and unknown to the Grand Jury, for purposes of maintaining and increasing their position in the Hells Angels enterprise, and the enterprise engaged in racketeering activity …. (Count 1 of the Superseding Indictment, ECF #109, page 4).

It is anticipated that Agent Pearson will be endorsed as an expert. The request for discovery in this motion does not relate to Federal Rules of Evidence 702 as that will be addressed at a later date. This motion relates to the factually specific events or situations that comprise the evidence the Government is relying upon to support its allegations of an enterprise and each defendant's participation in that enterprise.

Mr. Baron has no prior criminal history. Many other co-defendants have no prior criminal history or if they have prior history, it is from many years ago.

## LAW ENFORCEMENT'S FILES AND EVIDENCE ON HELLS ANGELS

Law enforcement claims that the Hells Angels is an outlaw motorcycle "gang." Counsel is aware that law enforcement maintains files on groups of individuals that they claim to comprise a gang. Upon information and belief, law enforcement, including but not limited to the ATF, the Denver Police Department, other law enforcement agencies, and Agent Pearson, maintain files on the Hells Angels Motorcycle Club, the Denver Charter and each alleged member. Within the discovery and based upon defense investigation, it is clear that law enforcement agents in this case are members of investigative associations regarding outlaw motorcycle gangs, have open communications through law enforcement networks regarding outlaw motorcycle gangs, and have contact with alleged members that is documented and cross-referenced by various law enforcement agencies.

Although there are some reported statements by Joshua Obryan, the government's primary compensated witness, about activities that pre-date the allegations in this case, there is no specific information of any "gang" activity by Mr. Baron or named defendants (in the federal and state prosecutions).

Mr. Baron moves this Court for an Order that the Prosecution provide the following to the Defense:

    a. Complete file(s) for the Denver, Rocky Mountain, Longmont, Nomads, West Coast, Minneapolis chapters of the Hells Angels Motorcycle Club.

    b. Information, emails, recordings, briefings with other agencies regarding the allegations within the Superseding Indictment,

        Including but not limited to communication between Agent Pearson, Denver Police Officers and Lakewood Sergeant Tomasetti

    c. Individual files for each of the following members:
        i. Josh Obryan (Named victim)
        ii. Clinton Williams
        iii. Jared Orland
        iv. Dustin Ullerich
        v. Jerome Guardiola
        vi. Peter Baron
        vii. Adam Mulcahy

    viii.  Derek Beste
    ix.  Jason Sellers
    x.  Michael Dire
    xi.  William "Kelly" Henderson
    xii.  William "Curly" Whitney
    xiii.  Justin Wright
    xiv.  Dominic Robichaud
    xv.  Jimmy Salazar
    xvi.  Any witness the prosecution intends to call that claims association with Hells Angels Motorcycle Club

## LEGAL AUTHORITY

The Federal Rules of Criminal Procedure state:

> Upon a Defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, or tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody or control and:
>
> (i)   the item is material to preparing the defense;
>
> (ii)   the government intends to use the item in its case-in-chief at trial;
>
> (iii)   the item was obtained from or belongs to the defendant.

Fed. R. Crim. P 16(a)(1)(E)

Evidence is considered "material to the defense 'if it could be used to counter the government's case or to bolster a defense,' and it is not 'deemed material merely because it would have dissuaded the defendant from proffering easily impeached testimony.'" *United States v. Henderson,* 564 F. App'x 352 (10th Cir. 2014) (unpublished) citing *United States v. Stevens,* 985 F.2d. 1175, 1180 (2d Cir. 1993) (quoted with approval in *United States v. Card,* Fed. App'x 941, 945 (10th Cir. 2002) (unpublished)).  "Evidence is 'material' under Rule 16 if "there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, … or assisting impeachment or rebuttal." *United States v. Roybal,* 46 F.Supp. 3d 1127, 1145-46 (D.N.M. 2014, Browning, J.) (quoting

*United States v. Graham,* 83 F.3d 1466, 1474 (D.C. Cir. 1996) (internal quotation marks and citations omitted)).

Criminal defendants have a constitutional right to receive certain discovery from the United States. The Due Process clause of the United States Constitution requires that the United States to disclose to a defendant any evidence that "is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland,* 373 U.S. 83, 87 (1963).

The Supreme Court has extended the prosecutions obligations of disclosure to include evidence that is useful to the defense in impeaching government witnesses, even if this evidence is not necessarily exculpatory. *Giglio v. United States,* 405 U.S. 150, 153 (1972)

## ARGUMENT

The evidence sought is material for many reasons. The Government must prove the criminality of the enterprise and that each member had knowledge of the criminality of the enterprise. The evidence can also be exculpatory by demonstrating the non-criminality of the enterprise and the participation (or lack of participation) of each named co-defendant. For example, defense investigation revealed that defendants have been stopped, detained, documented, and released due to no criminal activity. This in it of itself is exculpatory. The evidence is also crucial for the cross-examination of cooperating witnesses and claims made regarding the enterprise and individual activity.

## CONCLUSION

In order for the defense to be able to effectively prepare for trial and to cross examine witnesses, Mr. Baron must have access to the Hells Angels files in a timely manner in order to properly review, analyze, and investigate.

Failure to provide this information would violate Mr. Baron's Constitutional Rights to Due Process, Confrontation, Present a Defense, and a Fair Trial pursuant to the United States Constitution.

Mr. Baron moves this Court to Order the United States to produce this information to the defense without further delay.

Respectfully submitted,

*/s/Lisa Fine Moses*
Lisa Fine Moses
5200 DTC Pkwy, Suite 410
Greenwood Village, CO 80111
P: 720/644/5342
F: 720/489-3810
lisa@lfmdefense.com
Attorney for Peter Baron

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this Monday, July 18, 2022, a true and correct copy of the above and foregoing was filed with the CM/ECF filing system.

Brian Dunn
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0209
E-mail: brian.dunn@usdoj.gov

/s/ Jessica Hosler
LFM Defense